UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------
EFRAIN GONZALEZ, JR.,

                Petitioner,

      -against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------

06-cr-0726-01 (WHP)
13-cv-6752 (WHP)

OPINION & ORDER

WILLIAM H. PAULEY III, District Judge:

        Petitioner Efrain Gonzalez, Jr., brings this habeas proceeding to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Gonzalez's habeas petition is denied.

## BACKGROUND

        On May 8, 2009, Gonzalez, a former New York State Senator, pled guilty to: (1) Conspiracy to commit mail fraud and federal program fraud (Count Two); (2) Conspiracy to commit mail fraud, wire fraud (including honest services fraud), and federal program fraud (Count Three); (3) Mail fraud in connection with the West Bronx Neighborhood Association (Count Six); and (4) Mail fraud in connection with the United Latin American Foundation (Count Eight).

        Thereafter, Gonzalez sought to withdraw his plea. This Court denied that application (No. 06-cr-0726-01, ECF No. 148.), and sentenced Gonzalez to 60 months of imprisonment on Counts Two and Three, and 84 months of imprisonment on Counts Six and Eight, all to run concurrently. (ECF No. 162.) This Court also ordered restitution in the amount of $122,775. (ECF No. 168.)

The Second Circuit affirmed Gonzalez's conviction and sentence in all respects except as to the restitution amount. (ECF No. 178.) In March 2013, this Court entered a revised restitution order in the amount of $92,081.25 on consent of the parties. (ECF No. 181.) Gonzalez's time to appeal the Second Circuit's remand order and this Court's subsequent revised restitution order has expired.

In September 2013, Gonzalez filed his first habeas petition, asserting in essence that the Government intimidated a witness who could have provided exculpatory testimony on his behalf. This, Gonzalez argues, resulted in obstruction of justice and a denial of his right to a fair trial. In May 2014, this Court dismissed Gonzalez's habeas petition as untimely. (ECF No. 193.) Thereafter, the Second Circuit vacated this Court's dismissal order on the basis that Gonzalez's time to file his petition should have been calculated from the date this Court entered the revised restitution order, not the date on which the Second Circuit affirmed his conviction. (ECF No. 198.)

On December 2, 2015, Gonzalez amended his habeas petition to assert four grounds for relief: (1) ineffective assistance of appellate counsel; (2) obstruction of justice; (3) denial of a right to a fair trial; and (4) due process violation. (ECF No. 200.)

## DISCUSSION

I. Ground One—Ineffective Assistance of Counsel

Gonzalez asserts that his appellate counsel should have argued for his conviction on Count Three—conspiracy to commit mail fraud, wire fraud (including honest services fraud), and federal program fraud—to be set aside in view of the Supreme Court's holding in <u>Skilling v. United States</u>, 561 U.S. 358 (2010). Gonzalez cites <u>Skilling</u> for the proposition that the honest

services fraud statute at issue, 18 U.S.C. § 1346, bars only kickback and bribery schemes in connection with an honest services fraud charge.  And because the underlying allegations of his indictment did not involve any bribes or kickbacks, Gonzalez argues that Count Three, a multi-object conspiracy that includes honest services fraud, would have been dismissed but for his appellate counsel's failure to raise the argument.

Gonzalez's argument is unavailing for many reasons, but none more than for the simple proposition that a "conspiracy conviction based on a multi-object conspiracy may be upheld so long as evidence is sufficient with respect to at least one of the criminal objectives." United States v. Bilzerian, 926 F.2d 1285, 1302 (2d Cir. 1991); United States v. Duncan, 42 F.3d 97, 105 (2d Cir. 1994) ("[W]hen a defendant is convicted of a multiple object conspiracy by a general verdict, the conviction is sustainable if one of the conspiratorial objects is supported by the evidence, even if the other is not.").  The criminal charge at issue here covers not only honest services fraud, but also mail fraud and federal program fraud.  As the Government notes in its opposition brief, the "wire fraud/honest services object of Count Three formed no part of his guilty plea."  (Govt. Memo. of Law in Opp. to Pet. Efrain Gozalez, Jr.'s Section 2255 Motion ("Opp."), ECF No. 203, at 10 (emphasis added).)

Indeed, the two substantive offenses to which Gonzalez pled guilty were mail fraud charges stemming from his illicit activities with the West Bronx Neighborhood Association and the United Latin American Foundation (Counts Six and Eight, respectively).  Those mail fraud schemes formed the basis of the conspiracy charge in Count Three despite the fact that the conspiracy count contained multiple objects.  Cognizant of that distinction, this Court allocated Gonzalez on the conspiracy charges specifically in terms of their mail fraud objects, noting that

3

"counts two and three of the indictment charge you with a conspiracy to <u>commit mail fraud</u> in violation of Title 18 of the United States Code, Section 371." (Plea Transcript dated May 8, 2009 ("Plea Tr."), ECF No. 99, at 9 (emphasis added), at 21 ("[H]ow do you plead, sir, to the mail fraud conspiracy charged in count three of the indictment, guilty or not guilty?").)

Moreover, in Gonzalez's own words, he admitted his conduct in terms of mail fraud, not wire fraud, and admitted stealing funds to pay for his personal expenses, not to deprive his constituents of honest services. (Plea Tr. at 17.) And at sentencing, this Court acknowledged once more that Gonzalez's conviction on Count Three was predicated on the mail fraud object, specifically excluding any basis for a conviction on conspiracy to commit honest services fraud or federal program fraud. (<u>See</u> Sentencing Transcript dated May 25, 2010 ("Sent. Tr."), ECF No. 166, at 25 ("The government let [Gonzalez] know prior to his plea that it was prepared to accept a plea that didn't involve honest services fraud."), ECF No. 166.)

Based on the overwhelming evidence against Gonzalez, the allegations in the indictment, and Gonzalez's awareness and understanding of the acts underlying the charges, this Court finds that Gonzalez's conviction on Count Three was based primarily on the mail fraud object of the conspiracy statute. In view of that finding, Gonzalez's ineffective assistance of counsel argument fails. His appellate counsel's alleged failure to cite <u>Skilling</u> in appealing the Count Three conviction did not fall below an "objective standard of reasonableness" under "prevailing professional norms," nor did it result in affirmative prejudice to Gonzalez. <u>Strickland v. Washington</u>, 466 U.S. 668, 687–88, 693–94 (1984)).

II.  Grounds Two and Three—Obstruction of Justice and Denial of a Right to Trial

Gonzalez's second and third grounds for relief are largely tied to his allegation that the Government improperly threatened to prosecute Jose Nicot, a former Vice President of the West Bronx Neighborhood Association.  Gonzalez contends that Nicot was prepared to provide exculpatory testimony on his behalf, but that the Government's threat of prosecution resulted in Nicot's decision not to testify.  As a result, Gonzalez claims that he was deprived of his right to a fair trial.

Gonzalez also seeks an evidentiary hearing "in which the potential defense witness can testify under the 'defense witness immunity' doctrine concerning the government threat and exculpatory testimony he would have provided."  (Petitioner's Motion Under 28 U.S.C. § 2255 ("Pet."), ECF No. 200, at 23.)

As an initial matter, a district judge retains "discretion in denying a [habeas] petition when the supporting affidavit is insufficient on its face to warrant a hearing."  Dalli v. United States, 491 F.2d 758, 760 (2d Cir. 1974).  A court must assess the sufficiency of any affidavit or evidence submitted in support of the petition "in order to determine whether, if the evidence should be offered at a hearing, it would be admissible proof entitling the petitioner to relief."  Dalli, 491 F.2d at 760.  Gonzalez is required to "set forth specific facts which he is in a position to establish by competent evidence."  Dalli, 491 F.2d at 761.

Here, Gonzalez's petition is replete with conclusory allegations founded on hearsay.  The crux of Gonzalez's narrative concerning Nicot is that (1) his lawyers refused, against Gonzalez's wishes, to interview Nicot; (2) Nicot himself refused, without explanation, to be interviewed by Gonzalez's lawyers; and (3) Nicot informed Gonzalez after Gonzalez had

5

been sentenced but before he surrendered that the reason he refused to be interviewed, cooperate, or testify on Gonzalez's behalf was because the Government had threatened to prosecute him if he came forward as a defense witness. (Affidavit of Efrain Gonzalez dated September 16, 2013 ("Gonzalez Aff."), ¶¶ 4–6, 15–20, ECF No. 184; Pet. at 22–24.[1]) All of these allegations arise from Gonzalez's own view of how the case unfolded and/or an out-of-court conversation he had with Nicot.

Even if this Court credited Gonzalez's allegations, he has failed to specify the substance of his out-of-court discussion with Nicot regarding the improper threat of prosecution. Nor does Gonzalez explain <u>how</u> Nicot's testimony would have been exculpatory. Instead, Gonzalez simply recounts that Nicot told him that the Government "threatened him" if he "came forward as a witness in this case." (Gonzalez Aff. ¶ 15.) From that bald assertion, Gonzalez jumps to the conclusion that if Nicot had testified, he "would have explained that the charges against [Gonzalez] were false and unjustified." (Gonzalez Aff. ¶ 18.) But Gonzalez proffers no other details about what Nicot specifically knew or would say as a testifying witness. Gonzalez's allegations are "not only vague, indefinite and conclusory but marbled with hearsay," and fall short of what is required in an affidavit to warrant an evidentiary hearing. <u>Dalli</u>, 491 F.2d at 761.

Gonzalez's reply brief fares no better. It merely states that "Jose Nicot could have provided exculpatory evidence in that the contract between [the West Bronx Neighborhood

---

[1] This Court, when reviewing factual allegations, may examine materials outside the four corners of the <u>pro se</u> plaintiff's petition. <u>Samuels v. Fisher</u>, 168 F. Supp. 3d 625, 645 n.11 (S.D.N.Y. 2016). Although Gonzalez's affidavit was not filed as part of his amended petition for habeas relief, and instead submitted in support of his motion for an evidentiary hearing filed in September 2013, the subject matter of that affidavit is similar, if not identical, to his argument regarding Nicot. Without any affidavit submitted in support of his current petition, this Court will consider the September 2013 affidavit in analyzing Gonzalez's arguments concerning obstruction of justice and denial of his right to a fair trial.

Association] and Pathways was a verbal contract with President Hank Hicks" and other parties, and that Gonzalez was not involved in that agreement. (Gonzalez Reply Brief ("Reply") at 5, Case No. 13-cv-6752, ECF No. 21.) Gonzalez further recites certain other allegations about his involvement in the relevant organizations, and tries to raise an inference that he distanced himself from any decisions about where certain donations were channeled. (Reply at 6.) But at the same time, Gonzalez acknowledges that one of the organizations, United Latin American Foundation, received a donation that he solicited and used part of that money to pay his credit card bills. (Reply at 6.) And Gonzalez fails to specifically attribute any of these assertions to Nicot. Finally, even if this Court were to assume that Nicot could present these allegations in an exculpatory way, they would not undermine the findings of fact that this Court adopted, and Gonzalez consented to, in the presentence investigation report. (Sent. Tr. at 2, 34.)

In view of Gonzalez's conclusory allegations regarding the exculpatory nature of Nicot's testimony, there is no reasonable basis to credit his argument that Nicot's decision not to testify "basically 'forced' [him] to plead guilty since he had no witness that could testify on his behalf." (Pet. at 24.) In addition, Gonzalez's argument is unpersuasive because many other witnesses could have established the facts about which Gonzalez generally claims Nicot could have testified. For example, Gonzalez could have called each party to the West Bronx Neighborhood Association contract to testify; established by documentary evidence that he was on "the Board of Advisors, not the Board of Directors, of the [West Bronx Neighborhood Association]"; and subpoenaed the "3-person Board of the [United Latin American Foundation]" to demonstrate that "payment and purchases" tied to his credit card bills were "authorized" by those individuals. (Reply at 5–6.)

7

Accordingly, this Court declines to grant Gonzalez's request for relief based on his arguments regarding Nicot's testimony and his request for an evidentiary hearing on the basis that any "supporting affidavit," let alone any facts alleged in his petition, are "insufficient on [their] face to warrant a hearing." Dalli, 491 F.2d at 760.

III.     Ground Four—Due Process Violation

Gonzalez's final ground for relief stems from a perceived due process violation arising from his absence in court when this Court considered and entered the revised restitution order. Gonzalez's argument does not warrant any discussion beyond the plain fact that Gonzalez consented to the terms of the revised order, and did not appeal it. In fact, the restitution order expressly recites that "the parties [] jointly proposed to the Court a 25% reduction in the total restitution amount would fairly account for any value received by the victims . . ." and that this Court "agree[d] that reducing the total restitution amount by 25% is sufficient . . ." (ECF No. 181 (emphasis added).) Moreover, even if Gonzalez had a right to be present, any error was harmless since Gonzalez proposed and consented to the revised restitution amount and his "presence would not have affected the outcome of the resentencing." United States v. Arrous, 320 F.3d 355, 361 (2d Cir. 2003).

To the extent Gonzalez challenges the revised restitution order, this habeas proceeding is not the proper forum. It is axiomatic that a "motion under § 2255 is not a substitute for an appeal," because a "claim may not be presented in a habeas petition where the petitioner failed to properly raise the claim on direct review." Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007). And in view of the fact that Gonzalez's time to appeal the restitution order has expired, Gonzalez is procedurally defaulted from contesting the restitution amount.

8

If Gonzalez seeks to overcome this procedural default, he must sufficiently demonstrate that he failed to bring the direct appeal within the prescribed time limits for cause and that his failure to appeal resulted in actual prejudice against him, or that he is actually innocent.  See Zhang, 506 F.3d at 166.  None of those extenuating circumstances are present in this case.  Gonzalez consented to the revised restitution order, and in view of the fact that he has exhausted appeals of certain other orders in his criminal action and first habeas proceeding, he was fully capable of appealing the restitution order in a timely manner.  Moreover, his guilty pleas regarding the criminal charges that he does not contest in this proceeding foreclose any finding of "actual innocence."  As a result, any meritorious claim Gonzalez might have had regarding his absence at the hearing when this Court entered the revised restitution order is defaulted.

## CONCLUSION

For the foregoing reasons, Gonzalez's petition for habeas relief is denied.  The Clerk of Court is directed terminate the motion pending at the unnumbered ECF entry dated September 23, 2013 in Case No. 06-cr-0726, and ECF No. 24 in Case No. 13-cv-6752 on the ground that it is moot.  The Clerk of Court is also directed to mark these cases as closed.

Dated: March 21, 2017
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.