UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA           ORDER FOR THE
                                :  INTERLOCUTORY SALE
                                   OF PROPERTY
         -v.-                   :
                                   S2 06 Cr. 726 (WHP)
EFRAIN GONZALEZ, JR.,           :

         Defendant.             :
- - - - - - - - - - - - - - - - - x

WHEREAS, on or about December 12, 2006, EFRAIN GONZALEZ, JR., (the "defendant"), was charged in a ten-count Superseding Indictment S2 06 Cr. 726 (WHP) (the "Indictment") with theft of honest services by mail, in violation of Title 18, United States Code, Sections 1341 and 1346 (Count One); conspiracy to commit federal program fraud and mail fraud, in violation of Title 18, United States Code, Section 371 (Count Two); conspiracy to commit federal program fraud, mail fraud, and theft of honest services by wire, in violation of Title 18, United States Code, Section 371 (Count Three); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Four); federal program fraud, in violation of Title 18, United States Code, Sections 666 and 2 (Counts Five and Seven); mail fraud, in violation of Title 18, United States Code, Sections 1341 and 2 (Count Six and Eight); theft of honest services by wire,

in violation of Title 18, United States Code, Sections 1343, 1346 and 2 (Count Nine);

WHEREAS, the Indictment included forfeiture allegations as to Counts One through Nine, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982; and Title 28, United States Code, Section 2461;

WHEREAS, on or about or about May 8, 2009, the defendant pled guilty to Counts Two, Three, Six, and Eight of the Indictment;

WHEREAS, on or about May 27, 2010, the Court entered an Order of Forfeiture imposing a money judgment in the amount of $737,775 in United States currency, representing the amount of the proceeds obtained as a result of the offenses charged in Counts Two, Three, Six and Eight of the Indictment (the "Money Judgment");

WHEREAS, the Money Judgment remains unpaid and on or about August 25, 2017, the Government submitted a motion in support of its proposed Preliminary Order of Forfeiture of Substitute Assets (Docket Item 205), which remains pending before this Court;

WHEREAS, the Substitute Assets in which the defendant has an interest and which the Government seeks to forfeit are:

    a. Any and all funds, benefits, rights to disbursements, or other property held on behalf of, or distributed to, EFRAIN GONZALEZ, by the New York State and Local Retirement System, Registration Number 35415140, and all property traceable thereto (the "Subject Pension");

  b. One 2001 Black Ford Crown Victoria LX, VIN 2FAFP74W01X103778; and

  c. One 2003 Black Ford Expedition XLT, VIN 1FMFU16W23LB28495

(collectively, the "Substitute Assets");

  WHEREAS, two of the Substitute Assets – the 2001 Black Ford Crown Victoria LX, VIN 2FAFP74W01X103778 and the 2003 Black Ford Expedition XLT, VIN 1FMFU16W23LB28495 (together, the "Subject Vehicles") – are registered in the name of the West Bronx Neighborhood Association, Inc. (the "West Bronx"), which is organized as a non-profit corporation under the laws of the State of New York. At all times relevant to the Indictment, West Bronx did not conduct any substantial amount of non-profit activity. Instead, the defendant and another caused West Bronx to issue checks from its account to pay for personal expenses, including payments for the Subject Vehicles. The Subject Vehicles were purchased for, and only used by, the defendant for his personal driving needs; the Subject Vehicles were not used for any business relating to West Bronx. The Subject Vehicles have been paid in full;

  WHEREAS, on or about January 26, 2018, the defendant submitted his opposition to the Government's motion for an order of forfeiture (Docket Entry ("Dkt.") 216), in which he objected to the forfeiture of the Subject Pension, but did not contest the forfeiture of the Subject Vehicles;

WHEREAS, the Government's custody of the Subject Vehicles has resulted in expenses of approximately $48,023 as of February 2019, which far exceeds the estimated total market value of the Subject Vehicles;

WHEREAS, an interlocutory sale of the Subject Vehicles is necessary in order to prevent further diminishment of value before the conclusion of the forfeiture proceedings, with the net proceeds of the sale to be held as the substitute _res_ for the Subject Vehicles pending further order of this Court;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. The United States Marshals Service ("USMS") shall conduct an interlocutory sale of the Subject Vehicles.

2. The net proceeds realized from the sale of the Subject Vehicles, and any and all income or interest accrued thereon, shall be the substitute _res_ for the Subject Vehicles. In any forfeiture proceedings, the net proceeds from the sale of the Subject Vehicles shall be treated in all respects as though they are the Subject Vehicles.

3. The net proceeds shall be defined as all monies realized from the sale of the Subject Vehicles, _except_ for the following:

    a. any and all costs incurred by the Government (or its designee) in maintaining and storing the

    Subject Vehicles since the seizure of the Subject Vehicles on or about December 18, 2006; and

   b. costs incurred by the Government (or its designee) in the sale of the Subject Vehicles, including, but not limited to, towing, smog testing, inspections, repairs, and investigative charges, and additional storage expenses.

  4. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this order authorizing the sale of the Subject Vehicles. *Motion (Doc 220) is terminated.*

Dated: New York, New York
    8-24-21

        SO ORDERED:

        _____
        ~~HONORABLE WILLIAM H. PAULEY, III~~
        UNITED STATES DISTRICT JUDGE