UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                    :
UNITED STATES OF AMERICA            :    PRELIMINARY ORDER OF
                                         FORFEITURE AS TO
        -v.-                        :    SUBSTITUTE ASSETS

                                    :    S2 06 Cr. 726 (WHP) PKC

EFRAIN GONZALEZ, JR.,               :

            Defendant.              :
                                    :
- - - - - - - - - - - - - - - - - x

WHEREAS, on or about December 12, 2006, EFRAIN GONZALEZ, JR., (the "defendant"), was charged in a ten-count Superseding Indictment S2 06 Cr. 726 (WHP) (the "Indictment") with theft of honest services by mail, in violation of Title 18, United States Code, Sections 1341 and 1346 (Count One); conspiracy to commit federal program fraud and mail fraud, in violation of Title 18, United States Code, Section 371 (Count Two); conspiracy to commit federal program fraud, mail fraud, and theft of honest services by wire, in violation of Title 18, United States Code, Section 371 (Count Three); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Four); federal program fraud, in violation of Title 18, United States Code, Sections 666 and 2 (Counts Five and Seven); mail fraud, in violation of Title 18, United States Code, Sections 1341 and 2 (Count Six and Eight); theft of honest services by wire, in

violation of Title 18, United States Code, Sections 1343, 1346 and 2 (Count Nine);

WHEREAS, the Indictment included forfeiture allegations as to, inter alia, Counts Two, Three, Six and Eight, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C); and Title 28, United States Code, Section 2461, of all property, real and personal, constituting, or derived from, proceeds that the defendant obtained directly or indirectly as a result of the offenses;

WHEREAS, on or about May 8, 2009, the defendant pled guilty to Counts Two, Three, Six, and Eight of the Indictment;

WHEREAS, on or about May 27, 2010, the Court entered an Order of Forfeiture in which the defendant was ordered to forfeit $737,775 in United States currency, representing the amount of proceeds obtained as a result of the offenses charged in Counts Two, Three, Six and Eight of the Indictment (the "Money Judgment");

WHEREAS, the Money Judgment against the defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the defendant, the Government, despite its exercise of due diligence,

2

has been unable to locate or obtain the proceeds of the offenses charged in Counts Two, Three, Six and Eight of the Indictment;

WHEREAS, the Government has identified the following substitute assets in which the defendant has an interest:

    a. Any and all funds, benefits, rights to disbursements, or other property held on behalf of, or distributed to, EFRAIN GONZALEZ, by the New York State and Local Retirement System, Registration Number 35415140, and all property traceable thereto (the "Subject Pension";

    b. One 2001 Black Crown Victoria LX, VIN 2FAFP74W01X103778; and

    c. One 2003 Black Ford Expedition XLT, VIN 1FMFU16W23LB28495

(the 2001 Black Crown Victoria and 2003 Black Ford Expedition referenced in subparagraphs b. and c. above are together referred to as the "Subject Vehicles"; the Subject Pension and Subject Vehicles are collectively referred to herein as the "Substitute Assets").

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the defendant's right, title and interest in the Substitute Assets is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of a Final Order of Forfeiture as to Substitute Assets, the net proceeds from the sale of the Subject

Vehicles shall be applied in partial satisfaction of the Money Judgment entered against the defendant, and payments received from the New York State and Local Retirement System on the defendant's behalf in connection with the Subject Pension shall be applied toward the Money Judgment.

3. Upon entry of this Order, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Assets and to keep them in its secure, custody and control.

4. Pursuant to Title 21 United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and notice that any person, other than the defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this

4

official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. The United States may also, to the extent practicable, provide direct written notice to any person, other than the defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will, pursuant to Title 21, United States Code, Section 853(n), enter a Final Order of Forfeiture with respect to the Substitute Assets, in which all third party interests will be addressed.

8. This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e)

9. Pursuant to Federal Rule of Criminal Procedure Rule 32.2(b)(3), upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property subject to forfeiture, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

10. The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney Alexander J. Wilson, United States Attorney's Office, One St. Andrew's Plaza, New York, New York, 10007.

Dated: New York, New York
       November 10, 2021

SO ORDERED:

_____
HONORABLE WILLIAM H. PAULEY III
UNITED STATES DISTRICT JUDGE

6