UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                            06-cr-726 (PKC)

       -against-

                                                    OPINION AND ORDER

EFRAIN GONZALEZ, JR.,

                Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.:

        As a result of his conviction, defendant Efrain Gonzalez, Jr. is subject to a money judgment, in the amount of $737,775, imposed pursuant to federal forfeiture law. 18 U.S.C. §§ 981(a)(1)(C), 982; 28 U.S.C. § 2461. (Doc 161.) The money judgment against Gonzalez remains unpaid. (Doc 226.) The government now moves, pursuant to Rule 32.2(e), Fed. R. Crim. P., and 21 U.S.C. § 853(p), for the entry of a Preliminary Order of Forfeiture of Substitute Assets to include Gonzalez's pension benefits held by the New York State and Local Retirement System, as well as two vehicles belonging to Gonzalez: a 2001 Black Crown Victoria and a 2003 Black Ford Expedition. (Doc 205.) Gonzalez contests the forfeiture of his pension as a substitute asset, arguing primarily that such forfeiture would violate the due process concerns embodied in the Ex Post Facto Clauses of the United States Constitution and that the delay in the government's introduction of the instant motion unfairly penalizes third parties such as Gonzalez's wife and victims of the instant offense to whom he owes restitution.[1] For reasons to

---

[1] Gonzalez does not contest forfeiture as to the proceeds from the sale of the two vehicles, ordered on August 24, 2021. (Doc 224.) In any case, the government anticipates that any order forfeiting the proceeds from the sale of vehicles would not actually satisfy any portion of the money judgment, as any proceeds from the sale of the vehicles will be used to offset the costs of vehicle maintenance. (Doc 226.)

be explained, the Court concludes that the government is entitled to a preliminary order granting forfeiture of Gonzalez's pension benefits and proceeds from the sale of his two vehicles as substitute assets.

BACKGROUND

On May 8, 2009, Defendant Efrain Gonzalez, Jr. pled guilty to four counts of a ten-count Superseding Indictment ("Indictment"), for conspiracy to commit mail fraud in violation of 18 U.S.C. § 371 and mail fraud in violation in violation of 18 U.S.C. § 1341.  (Doc 162.)  Specifically, Gonzalez pled guilty to being involved in an operation which conspired to—and indeed did—pay hundreds of thousands of dollars of Gonzalez's personal expenses by misusing the funds of two non-for-profit organizations: the West Bronx Neighborhood Association (from 1999 to 2006) and the United Latin American Foundation (from 2002 to 2004).  (Id.; Doc 99 at 17.)  The Indictment also included allegations seeking forfeiture of all property constituting or derived from proceeds traceable to the commission of the offenses alleged in the Indictment.  (Doc 13 ¶¶ 55-64.)  Furthermore, the Indictment included a substitute asset allegation, providing Gonzalez with notice that if the forfeitable property were unable to be obtained due to the defendant's actions or omissions, "it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property."  (Id. ¶ 65.)  On May 25, 2010, Gonzalez was sentenced principally to 84 months' imprisonment.  (Doc 162.)  On May 27, 2010, Gonzalez was ordered to forfeit $737,775, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982; 28 U.S.C. § 2461.  (Doc 161.)  As noted, the money judgment against Gonzalez remains unpaid. (Doc 226.)

DISCUSSION

The Supremacy Clause of the United States Constitution provides that "the Laws of the United States . . . shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. As such, "Articles of the New York Constitution, as state law, are therefore preempted if they are inconsistent with federal law." United States v. Stevenson, 834 F.3d 80, 87 (2d Cir. 2016) (citing Silkwood v. Kerr-McGee Corp., 464 U.S. 238, 248 (1984)).

Article V, Section 7 of the New York State Constitution states that "membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired." N.Y. Const. art. V, § 7. As the Second Circuit held, however, this section conflicts with "federal law, which authorizes forfeiture 'irrespective of any provision of State law,' of any property derived from the crime of conviction . . . and, where such property cannot be located or has been transferred, of 'any other property of the defendant' in the same amount." Stevenson, 834 F.3d at 87 (quoting 21 U.S.C. § 853(a), (p)(1)-(2)). Accordingly, "Article V, Section 7 of the New York State Constitution is preempted to the extent it would prevent forfeiture of [a defendant's] contribution to or benefits from a state pension or retirement system up to . . . the amount ordered forfeited." Id.

Gonzalez argues this application of the Supremacy Clause, as laid out by the Second Circuit in Stevenson, is insufficient to justify forfeiture of his pension as a substitute asset. He argues that here, such a forfeiture would violate the due process concerns embodied in the Ex Post Facto Clauses of the Constitution because federal forfeiture of his state pension—protected under the New York State constitution—would amount to a judicial enlargement of a

criminal statute that inflicts a greater punishment than the law annexed to the crime when committed. (Doc 216 (citing Marks v. United States, 430 U.S. 188, 192 (1977).)

Article I of the United States Constitution provides that neither Congress nor any state shall pass an "ex post facto law." U.S. const. art. I, § 9, cl. 3; id. art. I, § 10. "A criminal or penal law is ex post facto when it is: (1) retrospective, and (2) more onerous than the law in effect on the date of the offense." United States v. Ramirez, 846 F.3d 615, 619 (2d Cir. 2017) (citing Weaver v. Graham, 450 U.S. 24, 30-31 (1981)). In other words, the Ex Post Facto Clauses apply to government actions that "make more burdensome the punishment for a crime, after its commission." Id. (brackets omitted). As the text makes clear, however, the prohibition on Ex Post Facto laws "is a limitation upon the powers of the Legislature, and does not of its own force apply to the Judicial Branch of government." Rogers v. Tennessee, 532 U.S. 451, 456 (2001) (quoting Marks v. United States, 430 U.S. 188, 191 (1977)). Instead, "limitations on ex post facto judicial decisionmaking are inherent in the notion of due process," id., and do not incorporate the specific prohibitions of the Ex Post Facto Clauses under Calder v. Bull, 3 U.S. 386 (1798), applicable to legislatures, see Rogers, 532 U.S. at 458-59.

As the Supreme Court instructs, this Court must here also ground its analysis in "core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." Id. at 459. The final concept—the attachment of criminal penalties to what previous had been innocent conduct—is not at issue here, as Gonzalez is protesting the

enlargement of the criminal penalty he faces (here, forfeiture), not its applicability. The Court's focus is on the concerns of notice and foreseeability.

As noted, the Indictment explicitly stated that if the government were unable to locate the forfeitable property described elsewhere in the Indictment, the government would, pursuant to federal law, "seek forfeiture of <u>any</u> other property" belonging to the defendant up to the value of the above forfeitable property. (Doc 13 ¶ 65 (emphasis added).) While the Indictment specifically listed potential substitute assets,[2] it included "any other property," which by an express term is "not limited to" those examples. <u>Id.</u>  Therefore, New York law alone cannot shield the defendant's pension benefits from such a clear and broad federal forfeiture provision, wielded with the force of the Supremacy Clause.

In <u>Stevenson</u>, the Second Circuit affirmed the forfeiture of Assemblyman Stevenson's pension benefits as a substitute asset, citing to "a number of our sister circuits that have similarly held that various provisions of state law are preempted by federal forfeiture law." 834 F.3d at 87.  And as the government notes (Doc 218 at 5.), for this Court to hold otherwise would be to necessarily imply that the Second Circuit's holding in <u>Stevenson</u>, which upheld an order of substitute forfeiture of New York state pension benefits imposed on a federal defendant before any similar Second Circuit precedent did so, was unconstitutional under the due process limitations on <u>Ex</u> <u>Post</u> <u>Facto</u> judicial decisionmaking.

This Court cannot and does not interpret <u>Stevenson</u> so.  <u>Stevenson</u> did not so much depart from existing federal law, as highlight the apparent supremacy of a broad federal statute over a clearly inconsistent New York constitutional provision. Gonzalez's other <u>Ex</u> <u>Post</u>

---

[2] The Indictment lists: (1) shares held by Gonzalez in the Fordham Hill Owners Corporation, Apt. 7G, Bronx, New York; (2) rights held by co-defendant Neil Berger in 363 Rutland Avenue, Teaneck, New Jersey; and (3) shares by co-defendant Lucia Sanchez in Fordham Hill Owners Corporation, Apt. 7F, Bronx, New York. (Doc 13 ¶ 65.)

- 5 -

Facto argument, focusing on the purported considerations of New York state legislators regarding New York state law, is irrelevant to the present analysis of whether federal law supersedes contrary state law.

Gonzalez's remaining arguments also fail. Timing of the government's motion is not an issue because "[o]n the government's motion, the court may at <u>any</u> time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . is substitute property that qualifies for forfeiture under an applicable statute." Rule 32.2(e)(1), Fed. R. Crim. P. (emphasis added). Gonzalez's arguments that he should be permitted to withdraw his plea in the alternative, or that he should be permitted to brief the issue of ineffective assistance of counsel is outside the scope of the instant motion.

For the reasons explained above, the government's motion is granted. The proposed Order (Doc 205-1.) will issue. The Clerk is directed to terminate the motion. (Doc 205.)

SO ORDERED.

                                                                   P. Kevin Castel
                                                        United States District Judge

Dated: New York, New York
        November 10, 2021