UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                         :

UNITED STATES OF AMERICA         :      **FINAL ORDER OF FORFEITURE**

           -v.-              :

                                        :      S2 06 Cr. 726 (PKC)

EFRAIN GONZALEZ, JR.,           :

               Defendant.      :

                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, on or about November 11, 2021, this Court entered a Preliminary Order of Forfeiture as to Substitute Assets (the "Substitute Asset Order") (D.E. 227), which ordered the forfeiture to the United States of all right, title and interest of EFRAIN GONZALEZ, JR., (the "Defendant") in, *inter alia*, the following property:

    a.    2001 Black 4-door Ford Crown Victoria LX VIN# 2FAFP74W01X103778 which was seized from Efrain Gonzalez Jr. on December 18, 2006 at 180 Water Street, located in New York, NY(the "Crown Victoria"); and

    b.    2003 Black Ford Expedition XLT VIN# 1FMFU16W23LB28495 which was seized from Efrain Gonzalez Jr. on December 18, 2006 at 180 Water Street, located in New York, NY (the "Expedition");

(a. and b., collectively, the "Substitute Assets");

WHEREAS, on or about August 24, 2021, the Court entered an Order for the Interlocutory Sale of Property, authorizing the Government to sell the Substitute Assets;

WHEREAS, on or about November 1, 2021, the Government received $3,150 representing the sale proceeds of the Expedition (the "Expedition Proceeds");

WHEREAS, on or about November 1, 2021, the Government received $1,800 representing the sale proceeds of the Crown Victoria (together with the Expedition Proceeds, the "Sale Proceeds");

WHEREAS, the Substitute Asset Order directed the United States to publish, for at least thirty (30) consecutive days, notice of the Substitute Asset Order, notice of the United States' intent to dispose of the Substitute Assets, and the requirement that any person asserting a legal interest in the Substitute Assets must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3).  Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Substitute Asset and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Substitute Asset before the United States can have clear title to the Substitute Asset;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Substitute Asset was posted on an official government internet site (www.forfeiture.gov) beginning on November 30, 2021 for thirty (30) consecutive days, through December 29, 2021 pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on August 28, 2024 (D.E. 233);

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Substitute Assets have been filed;

WHEREAS, the Defendant is the only person and/or entity known by the Government to have a potential interest in the Substitute Assets;

WHEREAS, on or about November 23, 2021, the Defendant appealed the entry of the Substitute Asset Order (D.E. 230);

WHEREAS, on or about November 13, 2023, the Substitute Asset Order was affirmed by the Second Circuit Court of Appeals (D.E. 232); and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      All right, title and interest in the Proceeds is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2.      Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Proceeds.

3.      The United States Marshals Service (or its designee) shall take possession of the Proceeds and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated:  New York, New York
        November 6, 2024

SO ORDERED:

_____
HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

3